Edward Burnstein, Defendant in Error, v. Alcazar Amusement Company, Plaintiff in Error.

Gen. No. 21,589.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. SHERIDAN E. FRY, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 1, 1916. Rehearing denied May 15, 1916.

## Statement of the Case.

Action by Edward Burnstein, plaintiff, against Alcazar Amusement Company, defendant. On a trial before the court plaintiff had judgment for $169, of which judgment defendant seeks this review.

The evidence showed that defendant operated in a Chicago theater, a place of entertainment known as the Great Northern Hippodrome, of which plaintiff was a patron. On several occasions when plaintiff patronized defendant's place of amusement he had a satchel with him which defendant's servants cared for, giving him an identification check, as is usual in places where articles of such character are received for temporary safe-keeping. On the occasion which gave rise to this suit plaintiff attended the place of amusement of defendant, paid the usual admission fee, and having with him a case or box delivered it to an attendant, at the request of such attendant, for safe-keeping during the time plaintiff was attending the performance, and received an identification check therefor. On leaving the performance plaintiff presented the check to the attendant, who made a search for the article but could not find it, whereupon plaintiff brought this suit to recover its value.

FRANK P. LEFFINGWELL, for plaintiff in error.

PINES & NEWMAN, for defendant in error.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. BAILMENT, § 27*—*when evidence sufficient to support verdict.* In an action by the patron of a theater to recover for the loss of an article checked with defendant's servants, evidence *held* to support the verdict.

2. BAILMENT, § 11*—*when proprietor of theater liable as bailee for loss of article checked with attendant.* The proprietor of a theater is liable as a bailee to a patron for the loss of an article checked by the latter with such proprietor's servants, where such loss results through negligence in failing to exercise reasonable care.

3. APPEAL AND ERROR, § 384*—*when objection first made on appeal comes too late.* In an action by the patron of a theater against another as owner and operator of a theater for the loss of an article therein, an objection that plaintiff failed to prove that defendant was in control, management or operation of such theater comes too late when first made in the Appellate Court.

---

## Moses Ovenu, Defendant in Error, v. Esther Ovenu, Plaintiff in Error.

### Gen. No. 21,618.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. FRANK H. GRAHAM, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed May 1, 1916. Rehearing denied May 15, 1916.

## Statement of the Case.

Action of forcible detainer by Moses Ovenu, plaintiff, against Esther Ovenu, defendant. Plaintiff had judgment for possession, in an attempt to reverse which, defendant brings this writ of error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.